**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re :                                                        Case Number **6:17-bk-05371-CCJ**
                                                                    Chapter 7

**Giovanni Nicholas Livera, Jr** and
**Tracy Livera**,
                                        Debtor(s).
_____/

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE CONSENTED SHORT SALE OF**
**NON-HOMESTEAD REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,**
**ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m)**

        Marie E. Henkel (the "Trustee"), the duly appointed Chapter 7 Trustee for the above

referenced debtor (the "Debtor(s)"), pursuant to Sections 105 and 363 of the Bankruptcy Code, by

and through her undersigned counsel, hereby files this motion ("Motion") for entry of an order for

authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In

support thereof, the Trustee respectfully states as follows:

                                        **JURISDICTION**

        1.        This Court has jurisdiction to consider this Motion and enter final orders

pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of

28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

        2.        Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

        3.        The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m),

Federal Rules of Bankruptcy Procedure 2002 and 6004.

                                        **BACKGROUND**

        4.        On August 14, 2017, Debtor commenced this case by filing a voluntary

petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

        5.        Marie E. Henkel is the duly appointed and qualified Chapter 7 Trustee.

6.      The Trustee held and concluded the initial 341(a) meeting of creditors on September 19, 2017.

7.      The Debtor scheduled a 100% ownership interest in the real property located at 4455 Old Bear Run, Winter Park, FL 32792 (the "Property") with the following legal description:

**Beginning at a point 805.0 feet North and 373 feet West of the SE Corner of the NW ¼ of the NE ¼ of Section 36, Township 21 South, Range 30 East, run West 333.95 feet to the East shore of Bear Gully Lake, run thence in a Northeasterly direction along the Easterly shore of said Lake 111.51 feet, run thence East 284.6 feet, run thence South 100 feet to the point of beginning, including riparian rights, Public Records of Seminole County, Florida, also referred to as Lot 8 of the recorded survey for R.E. Purvis.**

**Together with a private road right-of-way for ingress and egress from Tuscawilla-Gabriella Road to the above-described property over the following described land:**

**Begin 505 feet North and 25 feet East of the SE corner of the NW ¼ of the NE ¼ of Section 36; Township 21 South, Range 30 East for point of beginning; run West 373 feet, thence North 400.0 feet, thence East 25 feet, thence South 375.00 feet, thence East 348 feet, thence South 25 feet to point of beginning.**

**Tax Acct. No. 36-21-30-501-0000-0080**

8.      The Trustee listed the property for sale on November 1, 2017.

9.      The Debtor scheduled the Property as having a value of $1,091,752.00 subject to a recorded mortgage in favor of Deutsche Bank Trust Co. (the "Secured Creditor") in the amount owed on the Petition Date of approximately $1,164,389.94, and subject to a recorded home equity line of credit in favor of Wells Fargo Bank (the "Junior Secured Creditor") in the amount owed on the Petition Date of approximately $504,018.75.

10.      The title search ("Title Search") revealed the following Release and Judgment:

a.  Release of Mortgage recorded by Junior Secured Creditor in Official Records Book

8253, Page 1401, Public Records of Seminole County, Florida, releasing the lien securing the home equity line of credit disclosed in the Debtor's schedules.

b.    Final Deficiency Judgment recorded in favor of Wells Fargo Bank, N.A. ("Judgment Creditor") in the amount of $670,590.00 and recorded December 16, 2013, in Official Records Book 8182, Page 1108, Public Records of Seminole County, Florida.  Said Judgment was entered in connection with a deficiency originating from the foreclosure of an office condominium (not the instant Property).

11.    The Trustee, after review of, among other things:  (a) the Court file in this case and (b) a sales analysis report provided by Bankruptcy Global Holdings, LLC ("BK Global"), including a BK Score and an opinion of value for the Property, has determined that procuring Secured Creditor's agreement to (a) sell the Property, (b) release the Senior Mortgage (as defined below), (c) pay the estate the Bankruptcy Estate Fee (as defined below) and (d) release the Secured Creditor's Unsecured Claim (as defined below), all in accordance with the procedures set forth herein (collectively, the "Sale"), is the best way for the estate to realize any benefit from the Property and generate value for the estate.

12.    The Secured Creditor, has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official Records of Seminole County, Florida, at Official Records Book 5775, Page 914, and as assigned to Deutsche Bank Trust Co. by instruments recorded in Official Records Book 7596, Page 83, and Official Records Book 7838, Page 612 (the "Senior Mortgage").

13.    The Property is also encumbered by a pre-petition Judgment in favor of Judgment Creditor, referenced above in Paragraph 9(b).  Said creditor has agreed to accept

$6,000.00 to release the lien as to the subject property as evidenced by the email approving the partial release of judgment attached at "Exhibit "A").

14.     The Property is currently under contract, dated July 11, 2019, to sell to a non-insider of the Debtor who is a buyer in good faith.  The terms of the contract are as follows:

a.  Manner of sale : Private

b.  Buyer :          Helion Investments, LLC
                     5703 Red Bug Lake Rd., Suite 370
                     Winter Springs, FL 32708

c.  Sales price : $1,020,000.00.  Buyer made a deposit of $10,000.00 and the balance of the purchase price is to be paid at closing.  The Buyer has agreed to close upon entry of an Order approving this sale.

d.  Appraised Value : The Seminole County Property Appraiser values the property at a Just/Market value of $1,246,939.00, however the Property spent considerable time listed on the market without a successful sale.

e.  Trustee intends to transfer the Estate's interest in the Property by Trustee's Deed, free and clear of encumbrances, except current year's taxes, zoning restrictions, and other requirements imposed by governmental authority, restrictions, and matters appearing on the plat or otherwise common to the subdivision or condominium, and public utility easements of record.  This is a short sale wherein the Secured Creditor holding the Senior Mortgage is receiving a reduced payoff and any Junior Lienholders will receive either a reduced or zero payoff in satisfaction of their liens.

f.  The Secured Creditor holding the Senior Mortgage will pay the normal seller closing costs.  The estate is under no obligation to pay, and will not pay, any closing costs.

g.   Under the contract offer set forth above and Short Sale Approval Letter attached at Exhibit "B", the Secured Creditor will receive a payoff of approximately $868,606.67, the Judgment Creditor will receive a payoff of $ 6,000.00, and the anticipated net proceeds to the Bankruptcy Estate from the sale of the Property will be the approved carve-out of $51,000.00.

## RELIEF REQUESTED

15.    The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property in accordance with the contract and short sale approval described above, free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the sale, the Secured Creditor will be required to (a) pay the Bankruptcy Estate Fee to the estate and (b) release any unsecured claim against the estate that would otherwise result from the sale (the "Secured Creditor's Unsecured Claim"), which the Trustee believes will result in a substantially greater recovery for the estate's other creditors.  The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than five (5) days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claim, at best, being treated as a general unsecured claim.

## BASIS FOR RELIEF

### A.    The Sale of the Property Should Be Approved

16.    The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without

representations or warranties of any type, express or implied, being given by the Trustee and her professionals, pursuant to the Consented Public Sale procedures described below.

17.     Pursuant to Section 363(b) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business.  The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable.  *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp.  (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

18.     The Trustee, through the services of BK Global and Kavita Hanisha Uttamchandani of Century 21 Carioti (the "Listing Agent"), has obtained Secured Creditor's written agreement and consent to the contract for short sale set forth herein, including (a) paying the Bankruptcy Estate Fee to the estate and (b) releasing the Secured Creditor's Unsecured Claim.

19.     Trustee believes that the proposed sale will serve the best interests of the bankruptcy estate and its creditors.

20.     Accordingly, the Trustee submits that the sale of the Property pursuant to the above terms is reasonable under Section 363(b) of the Bankruptcy Code.

**B.     The Sale of the Property Should Be Approved Free and Clear of All Interests**

21.     Pursuant to Section 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept

a money satisfaction for such interest.  *See In re Smart World Techs., LLC*, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

22.    The Trustee states that she shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the Property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

23.    The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than five (5) days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as general unsecured claims.[1]  Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v. Grassi*, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v. Elliott*, 94 B.R. 343 (E.D. Pa. 1988); *In re Gabel*, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

24.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee, seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or her professionals.  Notwithstanding that the Trustee will seek authority to execute

---

[1] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

all documents and instruments she deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

25.     The Secured Creditor agrees to pay at closing (1) the Commission, (2) the Bankruptcy Estate Fee, (3) all outstanding real estate taxes, including any prorated amounts due for the current tax year, (4) all HOA/COA fees required be paid under applicable state and federal law, including any post-petition HOA/COA fees required to be paid under applicable state and federal law and (5) all closing costs excluding professional fees, but including State Documentary Stamps for the entire closing price.  Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

### C.     The Consented Public Sale Will Be Undertaken by the Buyer in Good Faith

26.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

27.     The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion.  *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs.*  (In re Colony Hill Assocs.), 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."  (citation omitted)); *see also In re Lorraine Brooke Associates, Inc*., No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla.  Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

28.     The Trustee asserts that the above described contract and short sale approval was obtained through competitive and transparent marketing and therefore the sale of the Property pursuant to the terms is an arm's-length sale without fraud or collusion.  Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

29.     The Trustee further states that:

(a)     the Trustee has reviewed the tax implications of the proposed Consented Public Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Bankruptcy Estate Fee;

(b)     the Trustee has determined, based upon a review of the schedules, information derived from the 341 meeting, and the claims register, that there will likely be a meaningful distribution to creditors; and

(c)     Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed sale is in the best interest of the estate and its creditors.

30.     The Trustee respectfully requests that this Court:  (a) waive the 14-day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents she deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of this Motion and the Final Sale Order;

and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed

sale.

### CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee requests that the

Court enter an order (i) approving the sale of the Property, including establishment of the

Bankruptcy Estate Fee and payment of the Commission, (ii) waive the 14-day stay pursuant to

Rule 6004(h), and (iii) granting such other and further relief as this Court deems just and equitable.

Date: October 20, 2019

> */s/ Kristen L. Henkel*
> Kristen L. Henkel, Esq.
> Florida Bar No. 81858
> M. E. Henkel, P.A.
> 3560 South Magnolia Avenue
> Orlando, Florida 32806
> Telephone : (407) 438-6738
> Facsimile : (407) 858-9466
> khenkel@mehenkel.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2019, the foregoing *Chapter 7 Trustee's Motion to Approve A Consented Short Sale of Non-Homestead Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m)* was furnished by U.S. Mail, postage prepaid, or by electronic delivery to to all interested parties and to all persons on the mailing matrix, attached to the original of this document, as furnished by the Clerk's office on October 20, 2019.

Additional copies furnished by Certified Mail to: Wells Fargo Bank, N.A., c/o Neil Pritchard, Portfolio Manager, Wells Fargo Credit Management Group, Two Wells Fargo Center, 301 South Tryon St., T-30 MAC D1130-305, Charlotte, NC 28288; and Wells Fargo Bank, N.A. c/o Carrie Meyer, Vice President, 4101 Wiseman Boulevard, Building 203, 1st Floor, MAC: T7416-01H, San Antonio, TX 78251, *Judgment Creditor*; and John M. Brennan, Esq., Gray Robinson, P.A., P.O. Box 3068, Orlando, FL 32802-3068, *Attorney for Judgment Creditor*.

> */s/ Kristen L. Henkel*
> Kristen L. Henkel, Esq.